# Exhibit C

## Certification

**STATE OF NEW YORK, COUNTY OF QUEENS, SS:**

I, Audrey I. Pheffer, County Clerk and Clerk of Supreme Court Queens County, do hereby certify that on April 22, 2019 I have compared the document attached hereto,

**14111/2011 ORDER SIGNED DISCONTINUING ACTION AND CANCELLING LIS PENDENS filed 1/31/2013 page(s) 1-3.**

with the originals filed in my office and the same is a correct transcript therefrom and of the whole of such original in witness whereto I have affixed my signature and seal.

*Audrey I. Pheffer*

**AUDREY I. PHEFFER**
**QUEENS COUNTY CLERK**

SHORT FORM ORDER

NEW YORK SUPREME COURT : QUEENS COUNTY

P R E S E N T : <u>HON. ROBERT J. McDONALD</u>      IAS PART 34
                         Justice
- - - - - - - - - - - - - - - - - - - - - - -x
PCDB FF1 2008-1 TRUST,                Index No.:    14111/11

                    Plaintiff,        Motion Date:  8/2/12

      - against -                     Motion No.:   14

FRANCES RAMOS, et al.                 Motion Seq.:  1

                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - -x



The following papers numbered 1 to  16  read on this motion by defendant Frances Ramos dismissing the complaint pursuant to CPLR 3211(a)(1),(3) or (7) as the plaintiff lacks standing to bring this action or dismissing the complaint pursuant to RPAPl 1302 and 1304 because the plaintiff fails to established that it sent a proper 90-day notice to the defendant Frances Ramos before commencing this action; and on the cross motion by plaintiff for summary judgment, to amend the title, and to appoint a referee.

                                                   Papers
                                                   <u>Numbered</u>

      Notice of Motion - Affidavits - Exhibits.........  1-4
      Notice of Cross Motion - Affidavits - Exhibit.....  5-11
      Answering Affidavits - Exhibits...................  12-14
      Reply Affidavits..................................  15-16


      Upon the foregoing papers it is ordered that the motion and cross motion are determined as follows:

      Plaintiff commenced this action seeking to foreclose on a mortgage given by defendant Ramos on the premises known as 101-22 132nd Street, South Richmond Hills, New York to secure a note evidencing a loan in the principal amount of $392,800.  Plaintiff alleged that Ramos was in default under the mortgage.  The plaintiff commenced this action by filing the notice of pendency and the summons and complaint on June 13, 2011.

                                     1

The defendant Ramos asserts that plaintiff failed to comply with RPAPL 1304. RPAPL 1304 provides that with regard to a home loan at least ninety days before a lender begins an action against a borrower to foreclose on a mortgage the lender must provide notice to the borrower that the loan is in default and his or her home is at risk (*Aurora Loan Services, LLC v Weisblum*, 85 AD3d 95 [2011]). "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of the foreclosure action, and the plaintiff has the buren of establishing satisfaction of this condition" (*Aurora Loan Services, LLC* 85 AD3d at 107)

The plaintiff's counsel in an affirmation in opposition to the defendant Ramos' motion stated "[a]n RPAP §1304, 90-day pre-foreclosure notice was sent to Defendant on January 5, 2011 and Plaintiff filed the notice with the New York Banking Department Superintendent." The plaintiff, however, did not submit proper proof of service by someone with actual knowledge that the RPAPL was sent by registered or certified mail and also by first-class mail to Ramos' last known address as required by the statute (RPAPL 1304[2]; see *Wells Fargo Bank, N.A. v Barrett*, 33 Misc 3d 1207(A), 2011 NY Slip Op 51805(U) [Sup Ct, Queens County 2011, McDonald, J.]). Furthermore, the copies of the RPAPL 1304 notice submitted to the court does not contain all of the statutorily mandated content in that it does not include "a list of at least five housing counseling agencies as designated by the division of housing and community renewal, that serve the region where the borrower resides" with "the counseling agencies' last known address and telephone numbers" (RPAPL 1304[2]; see *Wells Fargo Bank, N.A. v Barrett*, 33 Misc 3d 1207(A), 2011 NY Slip Op 51805(U) [Sup Ct, Queens County 2011, McDonald, J.]).

Accordingly, the motion by the defendant is granted to the extent of dismissing the complaint for failure to comply with RPAPL 1304 and canceling the notice of pendency. The cross motion is denied.

ORDERED, that the County Clerk of Queens County is directed, upon payment of proper fees, if any, to cancel and discharge the notice of pendency filed in this action on June 13, 2011, against property located at 101-22 132nd Street, South Richmond Hills, New York, and indexed under Block 9499 and Lot 14. The Clerk shall enter upon the margin of the record a notice of cancellation referring to this Order; and it is further

2

ORDERED, that the Clerk of the County of Queens be served with a copy of this order with notice of entry.

Dated: Long Island City, NY
       January 8, 2013

_____
ROBERT J. McDONALD
J.S.C.

QUEENS COUNTY CLERK
FILED
2013 JAN 31 AM 10: 25

3