Christopher Newton
QUEENS LEGAL SERVICES
*Attorneys for Defendant Frances Ramos*
89-00 Sutphin Blvd, 5th Floor
Jamaica, NY 11435
(347) 592-2200 (main phone)
(347) 592-2251 (direct phone)
cnewton@lsnyc.org


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
AVAIL HOLDING LLC,

                     *Plaintiff*,

    -against-

FRANCES RAMOS; COMMISSIONER OF SOCIAL
SERVICES OF THE CITY OF NEW YORK SOCIAL
SERVICES DISTRICT; CREDIT ACCEPTANCE
CORPORATION; CITY OF NEW YORK
ENVIRONMENTAL CONTROL BOARD, NEW YORK
CITY TRANSIT ADJUDICATION BUREAU;

                     *Defendants*.
------------------------------------------------------------------x

Civil Action No:
19-cv-00117 (BMC)


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
FRANCES RAMOS' MOTION FOR SUMMARY JUDGMENT**

# **TABLE OF CONTENTS**

Table of Contents.................................................................................................................. i

Table of Authorities ............................................................................................................. ii

Preliminary Statement .......................................................................................................... 1

Statement of Facts................................................................................................................. 1

Procedural History ............................................................................................................... 3

Argument .............................................................................................................................. 4

   I.   Ms. Ramos Is Entitled to Summary Judgment Dismissing the Verified Complaint
Because This Action to Foreclose on the Subject  Mortgage Is Barred by the Governing
Statute of Limitations.......................................................................................................... 4

     A.  By Commencing the 2011 Action, Plaintiff's Predecessor Accelerated the Subject
Loan...................................................................................................................................5

     B.  The Commencement of the 2011 Action Accelerated the Subject Loan, Regardless as to
Whether FCDB Trust Had Capacity to Sue. .................................................................10

   II.   Because This Action is Time-Barred, Ms. Ramos Is Entitled to Summary Judgment on
Her Counterclaims to Quiet Title and for Reasonable Attorneys' Fees. .................................. 11

     A.  Ms. Ramos Is Entitled to Summary Judgment on Her Counterclaim to Quiet Title.
.........................................................................................................................................11

     B.  Upon Dismissal of the Foreclosure Action, Ms. Ramos Is Entitled to Summary
Judgment on Her Counterclaim for Reasonable Attorneys' Fees.....................................12

Conclusion ......................................................................................................................... 14

## **TABLE OF AUTHORITIES**

**Cases**

*21st Mortg. Corp., Etc. v. Nweke*, 165 A.D.3d 616 (2d Dep't 2018) ..................................... 12, 13

*Aquino v. Ventures Trust 2013-I-H-R by MCM Capital Partners*, __ A.D.3d __, 2019 N.Y. Slip Op. 03308 (2d Dep't May 1, 2019) ........................................................................................... 8

*Arbisser v. Gelbelman*, 286 A.D.2d 693 (2d Dep't 2001) ............................................................ 5

*Beneficial Homeowner Serv. Corp. v. Tovar*, 150 A.D.3d 657 (2d Dep't 2017)......................... 10

*Citimortgage, Inc. v. Ramirez*, 59 Misc.3d 1212(A), 2018 N.Y. Slip Op. 50525(U) (Sup. Ct. New York Cty. Apr. 5, 2018) (Versaci, J.) ...................................................................................... 13

*Deutsche Bank Nat'l Trust Co. v. Adrian*, 157 A.D.3d 934 (2d Dep't 2017)................................ 5

*Deutsche Bank National Trust Company Americas v. Bernal*, 56 Misc.3d 915 (Sup. Ct. Westchester Co. 2017) (Scheinkman, J.) ...................................................................................... 9

*DKR Mortgage Asset Trust 1 v. Rivera*, 130 A.D.3d 774 (2d Dep't 2015)................................. 13

*EMC Mortg. Corp. v. Suarez*, 49 A.D.3d 592 (2d Dep't 2008)...................................................... 7

*Fatsis v. 360 Clinton Ave. Tenants Corp.*, 272 A.D.2d 571 (2d Dep't 2000).............................. 13

*Fed. Nat'l Mortg. Ass'n v. Mebane*, 208 A.D.2d 892 (2d Dep't 1994) ......................................... 4

*Fed. Nat'l. Mtge. Ass'n v. Schmitt*, __ A.D.3d __, 2019 N.Y. Slip Op 04140 (2d Dep't May 29, 2019).............................................................................................................................................. 8

*Gibbs el rel. Estate of Gibbs v. CIGNA Corp.*, 440 F.3d 571 (2d Cir. 2006) ............................... 6

*Hoodho v. Holder*, 558 F.3d 184 (2d Cir. 2009)............................................................................. 6

*Kashipour v. Wilmington Sav. Fund Soc'y, FSB*, 144 A.D.3d 985 (2d Dep't 2016).................... 12

*Khoury v. Alger,* 174 A.D.2d 918 (3d Dep't 1991) ........................................................................ 4

*Loiacono v. Goldberg*, 240 A.D.2d 476 (2d Dep't 1997)............................................................... 4

*Pagano v. Smith,* 201 A.D.2d 632 (2d Dep't 1994)........................................................................ 4

*Rack v. Rushefsky*, 5 A.D.3d 753 (2d Dep't 2004) ...................................................... 12

*Stewart Tit. Ins. Co. v. Bank of New York Mellon*, 154 A.D.3d 656 (2d Dep't 2017) *lv to appeal denied*, 30 N.Y.3d 909 (2018) ................................................................................ 7

*U.S. Bank N.A. v. Gordon*, 158 A.D.3d 832 (2d Dep't 2018) *appeal withdrawn* 31 N.Y.3d 1144 7

*U.S. Bank Nat'l Ass'n v. Szoffer*, 58 Misc.3d 1220(A), 2017 N.Y. Slip Op. 51976(U) (Sup. Ct. Rockland Cty. Dec. 4, 2017) (Loehr, J.) ................................................................ 13

*Wells Fargo Bank, N.A. v. Burke*, 94 A.D.3d 980 (2d Dep't 2012) ............................... 7

*Wells Fargo Bank, N.A. v. Parker*, 125 A.D.3d 848 (2d Dep't 2015) ........................... 10

*Yadegar v. Deutsche Bank Nat'l Trust Co.*, 164 A.D.3d 945 (2d Dep't 2018) ........................... 12

**Statutes**

N.Y. C.P.L.R. § 213(4) (McKinney's 2019) ................................................................ 4
N.Y. C.P.L.R. Rule 3211 (e) (McKinney's 2019) ...................................................... 11
N.Y. R.P.A.P.L. § 1501(4) (McKinney's 2019) ................................................... 11, 12
N.Y. R.P.L. § 234 (McKinney's 2019) ...................................................................... 13
N.Y. R.P.L. § 282 (McKinney's 2019) ...................................................................... 12

**Treatises**

2 McCormick on Evid. § 254 (7th ed.) ..................................................................... 6

## PRELIMINARY STATEMENT

Defendant Frances Ramos respectfully submits this memorandum of law in support of her motion for summary judgment seeking dismissal of the verified complaint as time-barred, and on her counterclaims to cancel and discharge of record the subject mortgage and for attorneys' fees and costs in the successful defense of this action.

This is the fourth mortgage foreclosure action brought by Plaintiff and its predecessors-in-interest against Ms. Ramos seeking to enforce the same putative default on her mortgage loan. This action is time-barred because Plaintiff's predecessor-in-interest elected to accelerate the total amount due under the subject loan on June 13, 2011, more than six years before this action was commenced on January 11, 2019. Accordingly, this action and all other enforcement of the subject promissory note are barred by the statute of limitations, and Ms. Ramos is entitled to summary judgment dismissing the complaint with prejudice.

Because enforcement of the note and mortgage are barred by the statute of limitations, Ms. Ramos is also entitled to summary judgment on her statutory counterclaim to cancel and discharge the mortgage under Section 1501(4) of New York's Real Property Actions and Proceedings Law. Upon the successful defense of this action, Ms. Ramos is further entitled to summary judgment on her counterclaim for attorneys' fees and costs under Section 282 of New York's Real Property Law.

## STATEMENT OF FACTS

In this action, Plaintiff Avail Holdings LLC ("Avail") seeks to foreclose upon real property located at 101-22 132nd Street, South Richmond Hill, New York 11419 (the "Subject

Property.") (Verified Complaint[1] ¶ 1.) Ms. Ramos is the sole owner of the Subject Property, and has lived there since her parents purchased it in 1969. (Ramos Aff't ¶¶ 2-3.)

On June 15, 2007, Ms. Ramos entered into a mortgage loan agreement with First Franklin Financial Corp., an Op. Sub. Of MLB&T Co., FSB ("First Franklin"). The loan agreement was memorialized by a promissory note between Ms. Ramos and First Franklin, and secured by a mortgage against the Subject Property. (Verified Complaint ¶ 17(a).) The Subject Loan was eventually assigned to FCDB FF1 2008-1 Trust ("FCDB Trust") (Verified Complaint ¶ 17(e).)

On June 13, 2011, FCDB Trust commenced a foreclosure action in state court, *FCDB FF1 2008-1 Trust v. Frances Ramos, et al.*, (the "2011 Action") by filing a summons, verified complaint, and notice of pendency with the Queens County Clerk's Office. As part of its verified complaint, FCDB Trust asserted that it was "the sole, true and lawful owner of the said bond/note/loan agreement and mortgage securing the same." (Newton Decl. Ex. A, ¶ 11.) Ms. Ramos appeared in the 2011 Action and raised various affirmative defenses, including that FCDB Trust lacked standing and that FCDB Trust failed to provide pre-foreclosure notices as required by section 1304 of New York's Real Property Actions and Proceedings Law ("RPAPL"). (Newton Decl. Ex. C, at 1.)

In an order entered on January 31, 2013, the Supreme Court, Queens County  dismissed the 2011 Action upon a finding that FCDB Trust failed to provide the statutorily-required pre-foreclosure notice mandated by RPAPL § 1304, which is a condition precedent to maintaining a foreclosure action under New York law. (Newton Decl. Ex. C.) The Supreme Court did not adjudicate whether FCDB Trust had standing to bring the 2011 Action because the action was dismissed for lack of the pre-foreclosure notice. (Newton Decl. Ex. C.)

---

[1] The Verified Complaint is available at ECF Docket Number 1.

After dismissal of the 2011 Action, the subject loan was assigned to FRT 2011-1 Trust, which commenced a second foreclosure action in November 2013, *FRT 2011-1 Trust v. Frances Ramos, et al.* (the "2013 Action") which was assigned Index Number 705252/2013 in the Supreme Court, Queens County. (Ramos Aff't ¶ 6.). The 2013 Action was dismissed in 2015 for another failure to provide necessary predicate notices. (Ramos Aff't ¶ 7.)

The Subject Loan was then assigned to Avail, who brought a third foreclosure action *Avail Holding LLC v. Frances Ramos, et al.* (the "2015 Action"), Civil Action Number 15-cv-7068 (NGG) (LB) in the United States District Court for the Eastern District of New York. (Newton Decl. ¶ 14.) After Ms. Ramos served her motion for summary judgment seeking dismissal of that action, Avail voluntarily discontinued the 2015 Action in March 2018. (Newton Decl. ¶ 16.)

At all relevant times, Ms. Ramos has remained in possession of the Subject Property and neither Plaintiff nor its predecessors-in-interest have ever possessed the Subject Property. (Ramos Aff't ¶ 11.) Ms. Ramos has not made any mortgage payments to Avail or any other entity since before the commencement of the 2011 Action. (Ramos Aff't ¶ 10.)

## PROCEDURAL HISTORY

Avail commenced this action by filing a verified complaint, certificate of merit, and proposed summonses on January 11, 2019. (Docket No. 1.) Avail served Ms. Ramos with process on March 19, 2019. (Docket No. 17.) Ms. Ramos served her verified answer with counterclaims on March 25, 2019. (Docket No. 14.) Ms. Ramos asserted various affirmative defenses, including that Avail's claims are time-barred, and that Avail failed to provide required pre-foreclosure notices. (Docket No 14.) Ms. Ramos also asserted two counterclaims: to cancel and discharge the mortgage as time-barred under NY RPAPL § 1501(4), and for an award of attorneys' fees pursuant to NY Real Property Law § 282. (Docket No. 14.) Avail served its

3

answer to the counterclaims on April 8, 2019, asserting eleven affirmative defenses. (Docket No. 15.)

The Court held an initial conference on April 16, 2019, at which the Court set a schedule for limited discovery on the statute of limitations issue, and directed Ms. Ramos to serve and file her motion for summary judgment by May 14, 2019. (Docket Minute Entry and Order from 4/16/19.) The Court subsequently extended Avail's deadline to produce discovery to May 28, and then extended Ms. Ramos' deadline to serve this motion until June 4, 2019 (Docket Order from May 6, 2019 and Second Docket Order from May 31, 2019).

## ARGUMENT

### I.   Ms. Ramos Is Entitled to Summary Judgment Dismissing the Verified Complaint Because This Action to Foreclose on the Subject  Mortgage Is Barred by the Governing Statute of Limitations.

New York's Civil Practice Law and Rules establishes a six-year statute of limitations on mortgage foreclosure actions. N.Y. C.P.L.R. § 213(4) (McKinney's 2019). "The law is well settled that with respect to a mortgage payable in installments, there are separate causes of action for each installment accrued, and the Statute of Limitations begins to run, on the date each installment becomes due unless the mortgage debt is accelerated." *Loiacono v. Goldberg*, 240 A.D.2d 476, 477 (2d Dep't 1997) (*citing Pagano v. Smith,* 201 A.D.2d 632, 633 (2d Dep't 1994); *Khoury v. Alger,* 174 A.D.2d 918 (3d Dep't 1991)) (internal punctuation and alteration marks omitted). However, "[o]nce the mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire mortgage debt." *Loiacono*, 240 A.D.2d at 477 (*citing Fed. Nat'l Mortg. Ass'n v. Mebane*, 208 A.D.2d 892, 894 (2d Dep't 1994)).

**A.  By Commencing the 2011 Action, Plaintiff's Predecessor Accelerated the Subject Loan.**

There are several ways by which a lender may chose to accelerate the mortgage debt, one of which is by commencing a foreclosure action. *Deutsche Bank Nat'l Trust Co. v. Adrian*, 157 A.D.3d 934, 935 (2d Dep't 2017) ("The filing of the summons and complaint seeking the entire unpaid balance of principal in the prior foreclosure action constituted a valid election by the plaintiff to accelerate the maturity of the debt."); *Arbisser v. Gelbelman*, 286 A.D.2d 693, 694 (2d Dep't 2001) ("commence[ment] of an action to foreclose the subject mortgage . . . was unquestionably notice of the intent to accelerate.").

Here, Avail's predecessor-in-interest FCDB Trust, accelerated the amount due under the subject loan on June 13, 2011 by commencing the 2011 Action. (Newton Decl. Ex. A.) In its verified complaint FCDB Trust unequivocally and explicitly "elected and hereby elects to declare immediately due and payable the entire unpaid balance of the principal" of the subject loan. (Newton Decl. Ex. A, ¶ 7.) The limitations period therefore began to run on that day, expiring six years later on June 12, 2017.

Attempting to avoid the fatal consequences of its predecessor's unequivocal acceleration of the loan by the commencement of the 2011 Action, Avail now argues that this action is not time-barred because FCDB Trust lacked standing to commence the 2011 Action, and therefore, the subject loan was not accelerated by the filing of that action. (May 28, 2019 Letter By Alan Smukin, Docket No. 23 ("Smukin Letter"), at 2.) Avail seeks to bolster this argument by invoking decisions that have held that a plaintiff adjudicated to have lacked standing to commence a foreclosure action necessarily could not have accelerated the loan for purposes of triggering the running of the statute of limitations.

As a threshold matter, Avail is barred from making this argument because it alleged in its verified complaint that "[t]he Mortgage and Note were further assigned to FCDB FF1 2008-1 by Assignment of Mortgage dated December 2, 2010" and assigned its interest in the subject loan to FRT 2011-1 Trust on October 16, 2013. (Docket No. 1, ¶ 17(e)-(f).) This allegation in Plaintiff's verified complaint in action is a judicial admission that FCDB Trust was the holder and owner of the subject note when the 2011 Action was commenced, and therefore had standing to commence that action. "Facts admitted by a party 'are judicial admissions that bind th[at] [party] throughout th[e] litigation.'" *Hoodho v. Holder*, 558 F.3d 184, 191 (2d Cir. 2009) *quoting Gibbs el rel. Estate of Gibbs v. CIGNA Corp.*, 440 F.3d 571, 578 (2d Cir. 2006) (alterations in original). "Judicial admissions are not evidence at all. Rather, they are formal concessions in the pleadings in the case . . . that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact. Thus, a judicial admission, unless allowed by the court to be withdrawn, is conclusive in the case." 2 McCormick on Evid. § 254 (7th ed.). Here, Avail is bound by its allegation in its verified complaint that FCDB Trust was the holder of the subject note at the time the 2011 Action was commenced, and therefore had standing to bring that action.

Even if this Court were to put Avail's judicial admission aside, Avail's argument that Ms. Ramos must affirmatively establish that FCDB Trust had standing in the 2011 Action fails, as it is entirely unsupported by existing caselaw. (*See* Smukin Letter, at 2.) In making this argument, Avail disingenuously attempts to shift the burden of proof to unfairly require Ms. Ramos to prove that a prior plaintiff—a third party whose records she is unable to access—did not properly have the rights to enforce the subject loan, despite its sworn statements to the contrary in publicly filed court documents, in order to assert a defense based on the statute of limitations.  Far from supporting this extreme position, *every single one* of the cases Avail cites

6

to support this proposition involved prior cases which had been dismissed upon a finding by the Court or stipulation by the parties specifying that the prior plaintiff lacked standing. *U.S. Bank N.A. v. Gordon*, 158 A.D.3d 832, 833 (2d Dep't 2018) *appeal withdrawn* 31 N.Y.3d 1144 ("[T]he court granted that branch of Rose Gordon's cross-motion which was to dismiss the [prior] complaint for lack of standing."); *Stewart Tit. Ins. Co. v. Bank of New York Mellon*, 154 A.D.3d 656, 658 (2d Dep't 2017) *lv to appeal denied*, 30 N.Y.3d 909 (2018) ("In May 2009, the Supreme Court dismissed BoNY's 2007 foreclosure action on the ground that BoNY lacked standing.") *DLJ Mortg. Capital Inc. v. Pittman*, 150 A.D.3d 818, 819 (2d Dep't 2017) ("After a prior action to foreclose the mortgage was dismissed for lack of standing, the plaintiff commenced the instant action."); *Wells Fargo Bank, N.A. v. Burke*, 94 A.D.3d 980, 981-82 (2d Dep't 2012) ("Predecessor agreed to voluntarily discontinue" prior action after its attorney learned "that since the Predecessor had not been assigned the note and mortgage prior to commencing the 2002 action, it lacked standing."); *EMC Mortg. Corp. v. Suarez*, 49 A.D.3d 592, 593 (2d Dep't 2008) ("While another entity purported to accelerate the appellants' mortgage debt in a prior action . . . the note was never assigned to that entity and it therefore never had authority to accelerate the debt or sue to foreclose.")[2]

Avail proposes to expand these holdings to create an entirely new rule, which would place an affirmative obligation on foreclosure defendants asserting a statute of limitations defense to establish that each prior foreclosing plaintiff had standing to accelerate the mortgage

_____

[2] While the *Suarez* decision from the Appellate Division did not explicitly state that the earlier action was dismissed for lack of standing, it is made clear in the Short Form Order from the earlier action—*Bankers Trust Company v. Maria Cielo Suarez*, Index Number 8567/1997, dated November 5, 2004. That Short Form Order (a certified copy of which is attached as an appendix to this memorandum of law) determined that "[s]ince Bankers Trust had no interest in the mortgage or the note then the Suarez defendants' alleged default in repaying the note cannot have produced an 'injury in fact' to the plaintiff. Thus, Bankers Trust has no legal stake in the outcome of this lawsuit and the cross motion to dismiss the complaints [sic] is granted."

loan. Here, it would require Ms. Ramos to affirmatively establish that FCDB Trust had standing to commence the 2011 Action, even though the Supreme Court in the 2011 Action never addressed the issue of standing in that case, and Avail itself relies upon an assignment from FCDB Trust to establish its own interest in the subject loan.

Not surprisingly, Avail does not cite *any* authority that would support this substantial shift in the caselaw, which would place the burden on Ms. Ramos to prove that plaintiff commencing an action in 2011 had standing to do so. To the contrary, multiple New York Courts have held that the defendant meets is prima facie burden for a statute of limitations defense by simply establishing that the action in question was commenced more than six years after a prior action, and that the burden shifts to the foreclosing plaintiff to establish that its predecessor lacked standing in the prior action, if it seeks to rebut the defense on that ground. *Fed. Nat'l. Mtge. Ass'n v. Schmitt*, __ A.D.3d __, 2019 N.Y. Slip Op 04140, *2 (2d Dep't May 29, 2019). ("Here, the defendant established that the six-year statute of limitations began to run on the entire debt . . . when the plaintiff's predecessor in interest, OneWest Bank, accelerated the mortgage by commencing the prior foreclosure action. . . . In opposition, the plaintiff failed to raise a question of fact as to whether OneWest Bank had authority to commence the 2010 action. There is no evidence in this record that OneWest Bank lacked standing to commence the 2010 action."); *Aquino v. Ventures Trust 2013-I-H-R by MCM Capital Partners*, __ A.D.3d __, 2019 N.Y. Slip Op. 03308, *2 (2d Dep't May 1, 2019) ("Here, the [lender] argued on its cross motion that [its predecessor] CitiMortgage's purported acceleration of the debt upon commencing the foreclosure action was not valid because CitiMortgage lacked standing. We agree with the Supreme Court, however, that the defendant failed to demonstrate, prima facie, that CitiMortgage lacked standing at the time the foreclosure action was commenced."); *Deutsche*

*Bank National Trust Company Americas v. Bernal*, 56 Misc.3d 915, 920 (Sup. Ct. Westchester

Co. 2017) (Scheinkman, J.) ("Plaintiff has not offered any evidence that would show that Aurora

did not have physical possession of the note at the time it commenced the prior action.").

Even without Avail's admission that FCDB Trust was the holder and owner of the subject

note, the documents produced along with the Smukin Letter do not meet Avail's burden to

affirmatively disprove that FCDB Trust lacked standing when it commenced the 2011 Action. As

part of the 2011 Action, FCDB Trust filed a verified complaint alleging that it was "the sole, true

and lawful owner of the said bond/note/loan agreement and mortgage securing the same."

(Newton Decl. Ex. A, ¶ 11.) In support of its motion for summary judgment, FCDB provided

sworn statements by Timothy R. Hapeman, Assistant Vice President of AMS Servicing LLC

("AMS"), the mortgage loan servicer for FCDB Trust. (Newton Decl. Ex. B, at 19.) Mr.

Hapeman provided sworn testimony that AMS maintained records concerning the subject loan,

that he was familiar with those business records and the process for creating them. (Newton

Decl. Ex. B, at 20.) The Hapeman affidavit further stated that based on a review of those

business records, FCDB Trust "was the holder and owner of the original note, alonges,

mortgage, and assignments of mortgage, prior to the [2011] action being commenced and

remains the holder and owner of same. In this regard, there was a written assignment of the

underlying note, and physical delivery of same, to [FCDB Trust] prior to the commencement of

the foreclosure action." (Newton Decl. Ex. B, at 20.) Here, Avail has failed to produce any

evidence to establish that those sworn statements made by its predecessor's representatives were

false and therefore fails to establish that FCDB Trust lacked standing when it commenced the

2011 Action.

Accordingly, this Court should hold that the 2011 Action served to accelerate the full amount due under the subject loan, and that this action is time-barred by the statute of limitations. The Court should, therefore, grant Ms. Ramos summary judgment dismissing the complaint with prejudice, in its entirety.

### B. The Commencement of the 2011 Action Accelerated the Subject Loan, Regardless as to Whether FCDB Trust Had Capacity to Sue.

The Smukin Letter also argues that FCDB Trust lacked capacity to commence the 2011 Action in its own name, and therefore did not serve to accelerate the subject loan. This argument fails because Avail confuses a lack of capacity to sue with a lack of standing. Avail argues that the FCDB Trust is not now authorized to do business in the State of New York,[3] and therefore "did not have standing or authority to commence the state court action" in 2011. (Smukin Letter, at 5.) Capacity to sue is a separate question than that of standing. *See Wells Fargo Bank, N.A. v. Parker*, 125 A.D.3d 848, 850 (2d Dep't 2015) (plaintiff's standing established by its status as holder of the note and mortgage, whereas plaintiff's capacity to sue determined by its corporate structure). Accordingly, whether FCDB Trust was entitled to sue in its own name is not a question of standing, but of capacity.

If a foreclosure action is dismissed for some sort of technical defect, such as a failure to send predicate notices or properly serve the defendant, the dismissal does not negate the plaintiff's election to accelerate the subject loan. *Beneficial Homeowner Serv. Corp. v. Tovar*, 150 A.D.3d 657, 658 (2d Dep't 2017) ("[T]he failure to properly serve the summons and complaint upon the defendant homeowner did not as a matter of law destroy the effect of the sworn statement that the plaintiff had elected to accelerate the maturity of the debt.") A dismissal for lack of standing is different, because if a party lacks standing to commence the action, it

---

[3] Avail does not provide evidence to establish that FCDB Trust was not authorized to do business in 2011.

means that party could not, as a matter of law, have elected to accelerate the subject loan. As discussed above, FCDB Trust was the owner and holder of the subject note when the 2011 Action was commenced. This means that even if, *arguendo*, it was a technical defect to commence the action in its own name rather than that of its trustee, that technical defect does not negate FCDB Trust's election to accelerate the loan as manifested in its complaint.[4]

## II.     Because This Action is Time-Barred, Ms. Ramos Is Entitled to Summary Judgment on Her Counterclaims to Quiet Title and for Reasonable Attorneys' Fees.

### A.  Ms. Ramos Is Entitled to Summary Judgment on Her Counterclaim to Quiet Title.

Section 1501(4) of the Real Property Actions and Proceedings Law provides that "[w]here the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action . . . to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom." N.Y. R.P.A.P.L. § 1501(4) (McKinney's 2019). That provision further states that "[i]n any action brought under this section, it shall be immaterial whether the debt upon which the mortgage or lien was based has, or has not been paid." *Id*.

The party seeking to discharge a mortgage need only demonstrate that more than six years have elapsed since the mortgagee accelerated the debt, and that the mortgagee is not in possession of the subject property. "[T]he defendant established her prima facie entitlement to judgment as a matter of law on her counterclaim pursuant to RPAPL 1501(4) to cancel and discharge the mortgage by demonstrating that more than six years had passed since the mortgage

---

[4] Moreover, any such defect would have been waived in the 2011 Action if not asserted as a defense in a timely-filed answer or a pre-answer motion to dismiss. *See* N.Y. C.P.L.R. Rule 3211 (e) (capacity to sue defense waived if not asserted in pre-answer motion to dismiss or answer). Accordingly, any such defect would not have prevented the 2011 Action from going forward and it certainly did not deprive the owner of the loan of authority to accelerate the loan.

was accelerated and therefore this foreclosure action as time-barred." *21st Mortg. Corp., Etc. v. Nweke*, 165 A.D.3d 616, 618 (2d Dep't 2018)**Error! Bookmark not defined.**. *See also Yadegar v. Deutsche Bank Nat'l Trust Co.*, 164 A.D.3d 945, 947 (2d Dep't 2018) ("Here, the [homeowner] met her prima facie burden for summary judgment on her complaint by establishing that the commencement of a new foreclosure action would be time-barred by the applicable six-year statute of limitations."); *Kashipour v. Wilmington Sav. Fund Soc'y, FSB*, 144 A.D.3d 985, 987 (2d Dep't 2016); *JBR Constr. Corp. v. Staples*, 71 A.D.3d 952, 953 (2d Dep't 2010); *Rack v. Rushefsky*, 5 A.D.3d 753, 753-54 (2d Dep't 2004).

Ms. Ramos satisfies both of these elements. As discussed in Section I, enforcement of the mortgage is time-barred because more than six years have elapsed since FCDB Trust accelerated the debt in 2011. Further, Avail is not in possession of the Subject Property, Ms. Ramos is. (Ramos Aff't ¶ 11; Verified Complaint ¶ 5.) Accordingly, Ms. Ramos is entitled to summary judgment under RPAPL § 1501(4), and the mortgage should be discharged and cancelled of record.

### B. Upon Dismissal of the Foreclosure Action, Ms. Ramos Is Entitled to Summary Judgment on Her Counterclaim for Reasonable Attorneys' Fees.

Section 282 of New York's Real Property Law ("RPL") provides that when a mortgage agreement allows the mortgagee to collect attorneys' fees and costs if the mortgagor breaches the agreement, "there shall be implied in such mortgage a covenant by the mortgagee to pay the mortgagor the reasonable attorneys' fees and/or expenses incurred by the mortgagor . . . in the successful defense of any action or proceeding commenced by the mortgagee against the mortgagor arising out of the contract." N.Y. R.P.L. § 282 (McKinney's 2019).

This provision was enacted in 2010 and modeled after language in Real Property Law

§ 234, which affords similar relief to respondents in landlord-tenant actions. See N.Y. R.P.L. §

234 (McKinney's 2019); *DKR Mortgage Asset Trust 1 v. Rivera*, 130 A.D.3d 774, 775 (2d Dep't

2015) (holding that analysis of "prevailing party" under RPL § 282 is informed by case law of

"prevailing party" as used in RPL § 234). In evaluating RPL § 234, the Appellate Division has

found that in order "to be considered a prevailing party, a party must be successful with respect

to the central relief sought." *Fatsis v. 360 Clinton Ave. Tenants Corp.*, 272 A.D.2d 571, 571-72

(2d Dep't 2000). The same general definition applies here. *DKR Mortgage Asset Trust 1*, 130

A.D.3d at 775. In *Nweke*, the defendant was the prevailing party entitled to attorneys' fees and

costs where the court dismissed the foreclosure complaint as time-barred and awarded summary

judgment on her RPAPL 1501(4) counterclaims. *Nweke*, 165 A.D.3d at 619. Accordingly, Ms.

Ramos is a prevailing party here.

Trial courts regularly award attorneys' fees in an amount to be determined upon a

submission of a later fee application. *See U.S. Bank Nat'l Ass'n v. Szoffer*, 58 Misc.3d 1220(A),

2017 N.Y. Slip Op. 51976(U), at * 2 (Sup. Ct. Rockland Cty. Dec. 4, 2017) (Loehr, J.)

("Defendants are therefore entitled to attorneys' fees pursuant to Real Property Law 282.

Counsel shall submit a fee application setting forth the hours expended and his usual hourly

rate."). *See also Citimortgage, Inc. v. Ramirez*, 59 Misc.3d 1212(A), 2018 N.Y. Slip Op.

50525(U), at * 6 (Sup. Ct. New York Cty. Apr. 5, 2018) (Versaci, J.) ("The Court agrees that the

Defendant would be entitled to an award of reasonable attorney's fees and/or expenses pursuant

to RPL § 282(1) based on the Defendant's successful defense of this action. . . . [N]ow that

Defendant has successfully defended this action as determined herein, the Court will allow the

Defendant to renew his request and file an application for attorney's fees with the proper

supporting documentation.")

Upon the Court's grant of summary judgment dismissing the complaint as time-barred and cancelling and discharging the mortgage, Ms. Ramos will be the prevailing party under RPL § 282.  As such, the Court should permit her to submit a fee application for reasonable attorneys' fees in the successful defense of this action.

## **CONCLUSION**

For the foregoing reasons, Ms. Ramos is entitled to summary judgment dismissing the verified complaint as time-barred, an order directing the Queens County Clerk to cancel and discharge of record the subject mortgage, and an award of reasonable attorney in an amount to be determined upon subsequent application.

Dated: June 4, 2019
      Jamaica, New York

                          _____/s/_____
                          QUEENS LEGAL SERVICES
                          By: Christopher Newton
                          *Attorneys for Defendant Frances Ramos*
                          89-00 Sutphin Blvd, 5th Floor
                          Jamaica, NY 11435
                          (347) 592-2200 (main phone)
                          (347) 592-2251 (direct phone)
                          cnewton@lsnyc.org

Appendix to Memorandum of Law

## Certification

STATE OF NEW YORK, COUNTY OF QUEENS, SS:

I, Audrey I. Pheffer, County Clerk and Clerk of Supreme Court Queens County,

do hereby certify that on June 4, 2019 I have compared

the document attached hereto,

8567/1997 AFFTS,NOTICE OF MOTION,CROSS MOTION,ORDERSIGNED filed
11/12/2004 page(s) 1-3.

with the originals filed in my office and the same is a correct transcript

therefrom and of the whole of such original in witness

whereto I have affixed my signature and seal.

AUDREY I. PHEFFER
QUEENS COUNTY CLERK

Short Form Order

NEW YORK SUPREME COURT - QUEENS COUNTY

Present: Honorable, **JAMES P. DOLLARD**   IAS PART 13
                                Justice

--------------------------------------x
BANKERS TRUST COMPANY, AS TRUSTEE,    Action No. 1
                                      Index No.: 8567/97

                Plaintiff,            Motion Date: Sept. 15, 2004

        -against-                     Cal. No.: 3

MARIA CIELO SUAREZ, BERNARDO
SUAREZ, CITY OF NEW YORK
PARKING VIOLATIONS BUREAU, CITY
OF NEW YORK ENVIRONMENTAL CONTROL
BOARD, NEW YORK CITY TRANSIT
ADJUDICATION BUREAU, NEW YORK CITY
DEPARTMENT OF FINANCE, DEPARTMENT
OF MOTOR VEHICLES, "JOHN DOE 1 to
JOHN DOE 25", said names being
fictitious, the persons or parties
intended being the persons, parties,
corporations or entities, if any,
having or claiming an interest in or
lien upon the mortgaged premises
described in the complaint,

                Defendants.
--------------------------------------x
BANKERS TRUST COMPANY, AS TRUSTEE,    Action No. 2

                Plaintiff,            Index No. 4940/03

        -against-

MARIA CIELO SUAREZ, BERNARDO
SUAREZ, CITY OF NEW YORK
PARKING VIOLATIONS BUREAU, CITY
OF NEW YORK ENVIRONMENTAL CONTROL
BOARD, NEW YORK CITY TRANSIT
ADJUDICATION BUREAU, NEW YORK CITY
DEPARTMENT OF FINANCE, DEPARTMENT
OF MOTOR VEHICLES, "JOHN DOE 1 to
JOHN DOE 25", said names being
fictitious, the persons or parties
intended being the persons, parties,
corporations or entities, if any,
having or claiming an interest in or
lien upon the mortgaged premises
described in the complaint,

                Defendants.
--------------------------------------x



QUEENS COUNTY CLERK
FILED
04 NOV 12 PM 4: 14

The following papers numbered 1 to 15  read on this motion by plaintiff, Bakers Trust Company, as Trustee (Bankers Trust), for an order: (1) pursuant to CPLR §602(a) consolidating Actions 1 and 2 under Index No. 4940/03; (2) pursuant to CPLR §3212 granting plaintiff summary judgment dismissing the answer of Maria Cielo and Bernard A. Suarez (the Suarez defendants) (3) appointing a referee to compute the amount due to plaintiff and (4) amending the caption; cross motion by the Suarez defendants for an order dismissing the actions pursuant to CPLR §3211(a) 4 and 5 and for failure to comply with CPLR §3025 and 1003 and granting summary judgment dismissing the complaints.

|                                                       | PAPERS NUMBERED |
| ----------------------------------------------------- | --------------- |
| Notice of Motion-Affidavits-Exhibits............      | 1 - 4           |
| Notice of Cross Motion-Affidavits-Exhibits......      | 5 - 9           |
| Memorandum of Law in Support of Cross Motion....      | 10              |
| Affirmation in Opposition to Cross Motion.......      | 11 - 13         |
| Reply Affirmation...............................      | 14 - 15         |

Upon the foregoing papers it is ordered that this motion is denied and the cross motion is granted.

In this mortgage foreclosure action plaintiff fails to apprise the court that this is its fourth attempt for an award of summary judgment.  The opposition papers reveal, by order of Justice Thomas, summary judgment was denied on June 3, 1999 and a renewal of that order similarly resulted in a denial of summary judgment relief on April 17, 2000.  The motions were denied on standing grounds and the court found in the April 17, 2000 order that "Under such circumstances, it cannot be determined from these papers whether plaintiff had the requisite standing to commence this action (see, Bankers Trust Co. v. Hoovis, 263 AD2d 937; RCT Servs. Inc. v. Herbil Holding Co., 229 AD2d 379).  In addition, questions of fact exist as to whether defendants Suarez were in default under the terms of the mortgage particularly with regard to the payment of monthly escrow amounts (see, Section 2[a], [b] and [c] of the mortgage), at the time of the acceleration of the mortgage (see, Real Estate Settlement Procedures Act, 12 USC §2609; Regulation X, 24 CFR 3500 et seq.)."  Justice Thomas' decisions are law of the case.

In the instant application plaintiff proffers the affidavit of Monica Marusa, a foreclosure representative of EMC Corporation in support of summary judgment relief.  In paragraph four Ms. Marusa avers that The Long Island Savings Bank (the original mortgagee) transferred all its rights and obligations under the Note and Mortgage, for good and valuable consideration to Wells

Fargo Home Mortgage Corp. f/k/a Norwest Mortgage Inc. by an Assignment of Mortgage.  Wells Fargo subsequently transferred all its rights and obligations under the Note and Mortgage for good and valuable consideration to EMC Mortgage Corporation (EMC). Ms. Marusa further states that the suit was brought under the name of Bankers Trust Company, as Trustee because an assignment of mortgage from EMC to Bankers Trust Company, as Trustee was pending but did not occur and that EMC is the current holder of the Note and Mortgage.  She further admits in paragraph 17 that "An assignment from EMC Mortgage Corporation to Bankers Trust did not occur and the summons and complaint was filed with the incorrect party plaintiff."  Plaintiff argues that this mistake does not prejudice the defendants and seeks to amend the caption.

The threshold issue in this matter is whether the incorrect party plaintiff is a jurisdictional defect or a mere irregularity.  It is uncontroverted that the assignment from EMC to Bankers Trust never took place. "The existence of an injury in fact...an actual legal stake in the matter being adjudicated - ensures that the party seeking review has some concrete interest in prosecuting the action which casts the dispute 'in a form traditionally capable of judicial resolution'" (Society of Plastics Indus., Inc. v. County of Suffolk, 77 NY2d 761, 772 [citations omitted]).  Since Bankers Trust had no interest in the mortgage or the note then the Suarez defendants' alleged default in repaying the note cannot have produced an "injury in fact" to the plaintiff.  Thus, Bankers Trust has no legal stake in the outcome of this lawsuit and the cross motion to dismiss the complaints is granted.

Dated: November 5 ,2004

_____
J.S.C.


QUEENS COUNTY CLERK
FILED
04 NOV 12 PM 4: 15