UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                 :

AVAIL HOLDING LLC,                       :
                                                 :

                     Plaintiff,         :    **MEMORANDUM DECISION**
                                                   :    **AND ORDER**

           - against -                   :
                                                 :    19-cv-117 (BMC)

FRANCES RAMOS; COMMISSIONER OF     :
SOCIAL SERVICES OF THE CITY OF NEW    :
YORK SOCIAL SERVICES DISTRICT; CREDIT   :
ACCEPTANCE CORPORATION; CITY OF NEW   :
YORK ENVIRONMENTAL CONTROL BOARD;   :
NEW YORK CITY TRANSIT ADJUDICATION    :
BUREAU,                                               :
                                                 :
                   Defendants.        :
-------------------------------------------------------------- X

Plaintiff commenced this foreclosure action against mortgagor-defendant Ramos, joining

as defendants four other parties with subordinate interests in the mortgaged premises. Ramos

moves for summary judgment to dismiss the foreclosure claim. Ramos also moves for summary

judgment on her counterclaims, asking the Court to (1) cancel and discharge the underlying

mortgage, pursuant to N.Y. R.P.A.P.L. § 1501(4); and (2) award attorneys' fees, pursuant to

N.Y. R.P.L. § 282. Her motions are granted for the reasons set forth below.

## BACKGROUND

On June 15, 2007, Ramos secured a loan from First Franklin Financial Corp. ("First

Franklin") by executing a mortgage with nominee Mortgage Electronic Registrations Systems

("MERS"). The same day, Ramos executed and delivered a note to First Franklin in the full

amount of the loan. On November 1, 2007, MERS assigned the mortgage to First Franklin.[1] In

---

[1] Plaintiff conclusorily disputes the existence or extent of this assignment – as well as certain of the subsequent assignments – in its opposition to the present motion. However, plaintiff has submitted no evidence that would raise a genuine issue. The allegations in the complaint and the exhibits submitted on the motion demonstrate no infirmity

2008, the mortgage and note were assigned to HIH No. 1, LLC. In 2010, the mortgage and note were assigned to FCDB FF1 2008-1 Trust ("FCDB"). In 2013, the mortgage and note were assigned to FRT 2011-1 Trust ("FRT"). In 2015, the mortgage and note were assigned to Summerlin Asset Management V Trust. And later in 2015, the mortgage and note were assigned to plaintiff.

On June 13, 2011, FCDB commenced a foreclosure action against Ramos in New York Supreme Court, Queens County, alleging that Ramos "fail[ed] to pay items of principal and interest or taxes . . . ." See FCDB FF1 2008 Trust v. Frances Ramos, et al., No. 14111/2011. In response to the defaults, FCDB elected in its complaint "to declare immediately due and payable the entire unpaid balance of principal." Ramos interposed six affirmative defenses to the complaint, including that FCDB lacked standing to foreclose the mortgage, and filed a motion to dismiss on the same theory. As to standing, Ramos argued that "there is no evidence (a) that MERS ever had any ownership interest in the mortgage to transfer to the plaintiff or (b) that MERS ever had the authority to assign the power to foreclose to the plaintiff."

The court in that case ultimately dismissed the action on the grounds that FCDB had failed to submit proper proof of service of the required 90-day pre-foreclosure notice. The court also found that the notice alleged to have been sent did not "contain all of the statutorily mandated content." The dismissal order did not decide whether FCDB had standing to bring the 2011 action.

On November 14, 2013, FRT commenced a second foreclosure action against Ramos in New York Supreme Court, Queens County. FRT 2011-1 Trust v. Frances Ramos, et al., No. 705252/2013. The court in that case dismissed the complaint because "[FRT] failed to proffer

---

in the chain of assignments. In addition, plaintiff misses the irony of the fact that if any of the assignments were invalid, then it would have no standing to foreclose on this mortgage.

evidence sufficient to prove that it complied with a condition precedent of the mortgage agreement or that it complied with RPAPL § 1304 notice." The dismissal order did not decide whether FRT had standing to bring the 2013 action.

On December 11, 2015, plaintiff commenced in this district a third foreclosure action against Ramos. Avail Holding LLC v. Ramos et al., No. 15-cv-7068 (NGG) (LB). Plaintiff voluntarily dismissed that case by way of a so-ordered stipulation.

Plaintiff filed the instant fourth foreclosure action on January 11, 2019.

## DISCUSSION

Under Federal Rule of Civil Procedure 56, a court may grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant successfully does this, the burden shifts to the opposing party to "offer some hard evidence showing that its version of the events is not wholly fanciful." See D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998).

"Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation marks omitted). However, "only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment." Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997).

A dispute as to a material fact is "'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The opposing party must put forward some "concrete evidence from which a reasonable juror could return a verdict in his favor" to withstand a motion for summary judgment. Id. at 256. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." Id. When deciding a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. (internal quotation mark omitted).

## I.      Statute of Limitations

Ramos first asks the Court to decide that plaintiff's complaint is time-barred by N.Y. C.P.L.R § 213(4)'s six-year statute of limitations on mortgage foreclosure actions. She argues that FCDB's June 13, 2011 complaint effectively accelerated the debt payments, triggering the statute of limitations period on that date. Therefore, according to Ramos, the statute of limitations to bring a foreclosure action expired on June 12, 2017.

In New York State, foreclosure actions are subject to a six-year statute of limitations. See C.P.L.R. § 213(4). Although "[t]he law is well settled that with respect to a mortgage payable in installments, there are separate causes of action for each installment accrued, and the Statute of Limitations begins to run, on the date each installment becomes due," Loiacono v. Goldberg, 240 A.D.2d 476, 477, 658 N.Y.S.2d 138, 139 (2d Dep't 1997) (internal citations, alterations, and quotation marks omitted), it is equally well settled that "once the mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire mortgage debt." Id.; see Fed. Nat'l Mortg. Ass'n v. Mebane, 208 A.D.2d 892, 894, 618

N.Y.S.2d 88, 90 (2d Dep't 1994) (holding that the "six-year Statute of Limitations began to run at th[e] time" the mortgage debt was accelerated).

A mortgage debt is accelerated when a "clear and unequivocal" "acceleration notice [is] transmitted to the borrower by the creditor or the creditor's servicer." See Milone v. U.S. Bank N.A., 164 A.D.3d 145, 152, 83 N.Y.S.3d 524, 529 (2d Dep't 2018). One way a creditor may transmit such a notice is by "filing of the summons and complaint in [a] foreclosure action" where the complaint "expressly elect[s] to call due the entire amount secured by the mortgage." See id. (internal citations, alterations, and quotation marks omitted).

A defendant seeking to dismiss a foreclosure action on limitations grounds has the burden of demonstrating, *prima facie*, that the accelerating plaintiff had "the authority to accelerate the debt or to sue to foreclose at that time." U.S. Bank N.A. v. Gordon, 158 A.D.3d 832, 836, 72 N.Y.S.3d 156, 160 (2d Dep't 2018). A defendant can meet this burden by showing that the accelerating plaintiff was "the holder of the note when the . . . action was commenced." See id. at 836, 160; Wells Fargo Bank, N.A. v. Burke, 94 A.D.3d 980, 983-84, 943 N.Y.S.2d 540, 542-43 (2d Dep't 2012); EMC Mtge. Corp. v Suarez, 49 A.D.3d 592, 593, 852 N.Y.S.2d 791, 791 (2d Dep't 2003) ("[T]he note was never assigned to that entity and it therefore never had authority to accelerate the debt or to sue to foreclose.").

Here, FCDB's June 13, 2011 complaint expressly stated that FCDB "hereby elects to call due the entire amount secured by the mortgage described in paragraph FIFTH hereof." The Court finds this to be a "clear and unequivocal" acceleration notice. See Milone, 164 A.D.3d at 152, 83 N.Y.S.3d at 529. After considering the evidence submitted by the parties, the Court also finds that there is no genuine dispute about whether FCDB had the authority to accelerate the debt – it did.

As an initial matter, both the mortgage and the note instrument permit the noteholder to demand the full amount of principal and outstanding interest upon the mortgagor's default.  See Mortgage, at 13-14; Note, at 2.  Therefore, so long as FCDB was the noteholder on June 13, 2011, the acceleration notice within its complaint was valid, triggering the start of the statute of limitations period on that date.

Ramos has demonstrated that FCDB was the noteholder on June 13, 2011 and, thus, that the notice was valid.  To start, the debt note at issue was attached as an exhibit to FCDB's 2011 complaint.  That alone is likely sufficient to make a *prima facie* showing.  See Cenlar FSB v Tenenbaum, 172 A.D.3d 806, 806-07, 101 N.Y.S.3d 68, 69 (2d Dep't 2019) ("[T]he plaintiff demonstrated, prima facie, its standing to commence the action since the note, endorsed in blank, was attached as an exhibit to the complaint. This alone was sufficient to establish standing since it demonstrated that the plaintiff was in physical possession of the note at the time the action commenced.").

Even beyond the materials attending FCDB's 2011 lawsuit, plaintiff in this case admitted in its complaint the very point it now seeks to contradict.  In paragraphs 17(a)-(h) of the complaint, plaintiff carefully tracks the chain of ownership for both the debt note and the mortgage.  In relevant part, the complaint states:

> e.  The Mortgage and Note were further assigned to FCDB FF1 2008-1 by Assignment of Mortgage dated December 2, 2010. Said Assignment was recorded on January 28, 2011, in the Office of the City Register of the City of New York County of Queens in CRFN: 2011000033827. A copy of the recorded Assignment of Mortgage is annexed hereto as Exhibit "E".

> f.  The Mortgage and Note were further assigned to FRT 2011-1 Trust by Assignment of Mortgage dated October 16, 2013. Said Assignment was recorded on November 1, 2013, in the Office of the City Register of the City of New York County of Queens in CRFN: 2013000453271. A copy of the recorded Assignment of Mortgage is annexed hereto as Exhibit "E".

The complaint therefore admits that FCDB held the note and mortgage between December 2, 2010 and October 16, 2013. This is further confirmed by the mortgages appended to the complaint. These allegations amount to a judicial admission that FCDB had the authority to accelerate the debt, which this Court finds independently sufficient to shift the burden to plaintiff to call that fact into question. See United States v. McKeon, 738 F.2d 26 (2d Cir. 1984) ("The law is quite clear that such pleadings constitute the admissions of a party-opponent and are admissible in the case in which they were originally filed as well as in any subsequent litigation involving that party.").

In response, plaintiff offers no evidence to raise a factual dispute. Plaintiff merely argues that Ramos should be precluded from using this information because she had taken a "contrary position" in a previous action. The supposedly contrary position to which plaintiff refers is Ramos's contention in the 2011 case that "there is no evidence (a) that MERS ever had any ownership interest in the mortgage to transfer to the plaintiff or (b) that MERS ever had the authority to assign the power to foreclose to the plaintiff." Therefore, plaintiff asserts, Ramos "should now be judicially estopped from taking any contrary position in the instant action."

Judicial estoppel is only appropriate where "(1) the party against whom judicial estoppel is being asserted advanced an inconsistent factual position in a prior proceeding, and (2) the prior inconsistent position was adopted by the first court in some manner." AXA Marine & Aviation Ins. (UK) Ltd. v. Seajet Industries Inc., 84 F.3d 622, 628 (2d Cir. 1996). Arguably, neither of these two conditions are met in this case, and in any event, the second certainly is not. Ramos's first argument speaks only to whether FCDB could foreclose on her mortgage, which is a separate matter from whether it could accelerate the debt. As discussed above, New York law merely requires ownership of the debt note to accelerate. See Gordon, 158 A.D.3d at 833, 836,

72 N.Y.S.3d at 160.  Because Ramos's defense in the 2011 case dealt with the mortgage instrument and not the debt note, judicial estoppel would have no bearing on the present motion. But even if these arguments were exactly congruent, the fact that the "the prior inconsistent position" was in no way "adopted by the first court" makes plaintiff's request for estoppel wholly inappropriate.  See AXA Marine, 84 F.3d at 628.[2]

Because the Court finds that Ramos has met her burden of "demonstrat[ing] the absence of a genuine issue of material fact," see Celotex Corp., 477 U.S. at 323, plaintiff's decision or inability to introduce any evidence in support of its position has left Ramos's strong factual showing entirely unrebutted, see Zenith Radio Corp., 475 U.S. at 586 ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.").  Moreover, the Court's review of the record does not turn up any reason to doubt that FCDB had the authority to accelerate Ramos's debt on June 13, 2011, or that any applicable tolling provisions could rescue plaintiff's claim from dismissal.  The claim is therefore dismissed.

## II.    Discharge the Mortgage

Ramos asks the Court to cancel and discharge her mortgage with plaintiff.  "RPAPL 1501(4) provides a means by which a party may clear a cloud on title represented by a stale mortgage, where the applicable statute of limitations for the commencement of an action to foreclose a mortgage has expired."  Caliguri v. Pentagon Fed. Credit Union, 168 A.D.3 802, 803, 91 N.Y.S.3d 481, 483 (2d Dep't 2019) (internal quotation marks and alterations omitted).  A

---

[2] Plaintiff also raises a barely comprehensible argument that FCDB lacked standing to sue under N.Y. Gen. Assns. L. § 12(2) and therefore the 2011 action was "void *ab initio*."  The statute says nothing about standing; it merely defines the term "business trust." Even if there were a standing defense to the 2011 action, it would have been Ramos's defense to raise then, not plaintiff's to raise now.  In any event, nothing in the GAL would have prevented FCDB from accelerating the note that it owned by giving Ramos notice through its complaint.

mortgagor is entitled to judgment as a matter of law for the discharge of her mortgage if she establishes (1) that "the six-year statute of limitations for an action to foreclose the mortgage had expired[,]" and (2) that she is "in possession of the subject property." See Kashipour v. Wilmington Sav. Fund Socy., FSB, 144 A.D.3d 985, 987, 41 N.Y.S.3d 738, 739 (2d Dep't 2016).

Here, Ramos has satisfied both of these elements. As discussed above, the statute of limitations to foreclose on Ramos's mortgage has expired. And both Ramos's June 3, 2019 affidavit and plaintiff's verified complaint confirm that Ramos is currently in possession of the subject property. She is therefore entitled to have her mortgage agreement with plaintiff discharged.

### III. Attorneys' Fees

Finally, Ramos claims attorneys' fees pursuant to N.Y. R.P.L. § 282. According to that statute:

> Whenever a covenant contained in a mortgage on residential real property shall provide that in any action or proceeding to foreclose the mortgage that the mortgagee may recover attorneys' fees and/or expenses incurred as a result of the failure of the mortgagor to perform any covenant or agreement contained in such mortgage . . . there shall be implied in such mortgage a covenant by the mortgagee to pay to the mortgagor the reasonable attorneys' fees and/or expenses incurred by the mortgagor . . . in the successful defense of any action or proceeding commenced by the mortgagee against the mortgagor arising out of the contract.

Because the mortgage agreement at issue provides that "[i]n any lawsuit for Foreclosure and Sale, Lender . . . will have the right to add all reasonable attorneys' fees to the amount I owe Lender," plaintiff must pay Ramos's reasonable attorneys' fees for her successful defense in this case.

**CONCLUSION**

Ramos's [25] motion for summary judgment is granted. The complaint is dismissed.

Ramos shall submit a proposed form of judgment and move for attorneys' fees and costs

pursuant to Federal Rule of Civil Procedure 54(d).

**SO ORDERED.**


_____
U.S.D.J.

Dated: Brooklyn, New York
       December 3, 2019