UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

AVAIL HOLDING LLC,

                    *Plaintiff*,

  -against-

FRANCES RAMOS; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK SOCIAL SERVICES DISTRICT; CREDIT ACCEPTANCE CORPORATION; CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY TRANSIT ADJUDICATION BUREAU;

                    *Defendants*.

----------------------------------------------------------------x

Civil Action No:
19-cv-00117 (BMC)

Declaration of Christopher Newton In Support of Defendant's Motion for Attorneys' Fees

Christopher Newton, in accordance with the provisions of 28 U.S.C. § 1746, declares as follows:

1. I am an attorney duly admitted to practice law in the State of New York and am admitted to practice in the United States District Court for the Eastern District of New York. I am employed by Queens Legal Services, attorneys for Defendant Frances Ramos.

2. I make this declaration in support of Defendant Frances Ramos' motion for an award of attorneys' fees to Queens Legal Services in the amount of $12,145.

**Procedural History**

3. Plaintiff Avail Holding, LLC ("Avail") commenced this action by filing a verified complaint, certificate of merit, and proposed summonses on January 11, 2019. (Docket Nos. 1, 4-5.) In this action, Avail sought to foreclose on Ms. Ramos' home located at 101-22 132nd Street, South Richmond Hill, New York 11419. (Docket No. 1, ¶ 1.)

4. Plaintiff served Ms. Ramos with process on March 19, 2019. (Docket No. 17.)

5. Ms. Ramos appeared in this action by serving her verified complaint with counterclaims on March 27, 2019. (Docket No. 14.) In her answer, Ms. Ramos raised several affirmative defenses, including that the action is barred by the statute of limitations and that Avail failed to provide required pre-foreclosure notices. (Docket No. 14.) She also asserted two counterclaims: to cancel and discharge the mortgage as time-barred under NY Real Property Actions and Proceedings Law § 1501(4), and to award attorneys' fees pursuant to NY Real Property Law § 282. (Docket No. 14.)

6. Avail filed an answer to Ms. Ramos' counterclaims on April 8, 2019, raising eleven affirmative defenses. (Docket No. 15.)

7. The Court held an initial status conference on April 16, 2019, at which the Court set a schedule for limited discovery on the statute of limitations issue and directed Ms. Ramos to serve and file her motion for summary judgment by May 14, 2019. (April 16, 2019 Minute Entry and Order.)

8. The Court subsequently extended Avail's deadline until May 28, 2019 to produce discovery that would disprove the statute of limitations defense, and also extended Ms. Ramos' deadline to serve her motion for summary judgment until June 4, 2019. (May 6, 2019 and May 31, 2019 Orders.)

9. Ms. Ramos moved for summary judgment dismissing the complaint as time-barred, and on her counterclaims to cancel and discharge of record the mortgage, and for an award of statutorily-mandated attorneys' fees for the successful defense of this action. (Docket Nos. 27—30.)

10. On December 3, 2019, this Court granted Ms. Ramos' motion in full, dismissing the complaint, and directing Ms. Ramos to submit a proposed form of judgment and to

submit this motion for attorneys' fees, pursuant to Federal Rule of Civil Procedure 54(d). (Docket No. 31.)

**Request for Attorneys' Fees**

11. I am the deputy director of the Homeowner and Consumer Rights Project at Queens Legal Services ("QLS"), attorneys for Ms. Ramos in this litigation. In this role, I supervise a team of six attorneys and two paralegals who practice primarily in the area of foreclosure prevention. I have been in this role since August 2018.

12. I graduated *cum laude* from St. John's University School of Law in June 2013. I was admitted to practice law in the State of New Jersey in December 2013, and admitted to practice in the State of New York in January 2014. I was admitted to practice in the United States District Court for the Eastern District of New York in March 2014, and the District Court for the Southern District of New York in January 2019.

13. I began working as a staff attorney in the QLS Homeowner and Consumer Rights Project in January 2014. I became a senior staff attorney in January 2017, and remained in that role until I was promoted to deputy director in August 2018.

14. During my tenure at QLS, I have represented hundreds of clients in foreclosure and consumer debt matters, with the bulk of my time dedicated to foreclosure defense matters. In this practice, I have been lead counsel in one bench trial and three other evidentiary hearings, have argued three appeals before the Appellate Division, Second Department (and have several other pending appeals awaiting oral argument scheduling). I have appeared hundreds of times in state mandated foreclosure conferences or motion calendar calls. I have handled scores of litigated foreclosure cases, and have become a

subject matter expert on the many legal issues that are presented in contested foreclosure litigation.

15. As a result of the expertise I have developed, I am regularly asked to present at CLE programs, and I have taught at least ten CLE programs on foreclosure prevention and consumer protection topics. These programs have been organized by the New York State Bar Association, the Queens County Bar Association, the New York Attorney General's Homeowner Protection Program, and Legal Services NYC's Justice Learning Center.

16. I have been the attorney directly responsible for representing Ms. Ramos throughout this litigation, and have kept contemporaneous records of the time I spent on this matter. Queens Legal Services requires our advocates to enter contemporaneously enter our time and notes related to cases electronically into our case management system, LegalServer. Attached as **Exhibit A** to this application is a spreadsheet derived from the LegalServer records of the time I entered on this matter up to this point, which totals 34.7 hours. That time does not include time spent on this fee application or the preparation of the proposed judgment to cancel and discharge the subject mortgage. Ms. Ramos does not presently intend to seek fees for either of those items, but reserves the right to do so in the event that Plaintiff produces unreasonable opposition to either application.

17. This time also does not reflect the time that I spent representing Ms. Ramos in the prior federal foreclosure action that this same Plaintiff, represented by the same counsel, chose to voluntarily discontinue while dueling motions for summary judgment were pending. (*See generally*, *Avail Holding v. Ramos, et al*, No. 15-cv-7068 (NGG) (LB).)

18. During the summer of 2019, our law student intern contributed roughly 5 hours' worth of time to this case, which I have not included in this application.

4

19. Although I have consulted with other attorneys in my office concerning this matter, no recovery is sought for the time that other attorneys or staff members have devoted to this case.

20. Attached as **Exhibit B** to this application is Queens Legal Services' policy regarding attorney billing rates. Although QLS does not charge our clients any fees for our services, this represents QLS' policy regarding awards where fee-shifting statutes apply. Attorneys with five to seven years' worth of experience bill at the rate of $350 per hour.

21. Accordingly, I respectfully request that Queens Legal Services be awarded $12,145 for our work in successfully representing Ms. Ramos in the defense of this action. This figure is based on my work of 34.7 hours multiplied by $350 per hour.

22. I respectfully submit that this fee is reasonable given that my experience in defending foreclosure actions, and given the amount of time I dedicated to this matter.

23. As described more fully in the accompanying memorandum of law, QLS is entitled to reasonable attorneys' fees notwithstanding the fact that we are a non-profit civil legal services organization that does not charge a fee for our services.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 5, 2019
Jamaica, New York

                                                          /s/
                                        QUEENS LEGAL SERVICES
                                        By: Christopher Newton
                                        *Attorneys for Defendant Frances Ramos*
                                        89-00 Sutphin Blvd, 5th Floor
                                        Jamaica, NY 11435
                                        (347) 592-2200 (main phone)
                                        (347) 592-2251 (direct phone)
                                        cnewton@lsnyc.org