Christopher Newton
QUEENS LEGAL SERVICES
*Attorneys for Defendant Frances Ramos*
89-00 Sutphin Blvd, 5th Floor
Jamaica, NY 11435
(347) 592-2200 (main phone)
(347) 592-2251 (direct phone)
cnewton@lsnyc.org

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x   Civil Action No:
AVAIL HOLDING LLC,                                                     19-cv-00117 (BMC)

                             *Plaintiff*,

    -against-

FRANCES RAMOS; COMMISSIONER OF SOCIAL
SERVICES OF THE CITY OF NEW YORK SOCIAL
SERVICES DISTRICT; CREDIT ACCEPTANCE
CORPORATION; CITY OF NEW YORK
ENVIRONMENTAL CONTROL BOARD, NEW YORK
CITY TRANSIT ADJUDICATION BUREAU;

                             *Defendants*.
-------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
FRANCES RAMOS' MOTION FOR ATTORNEYS' FEES**

**PRELIMINARY STATEMENT**

Defendant Frances Ramos, by and through her attorneys Queens Legal Services, respectfully submits this memorandum of law in support of her application to award attorneys' fees to Queens Legal Services for the successful defense of this action. This Court has already determined that Ms. Ramos' counsel is entitled to attorneys' fees under Section 282 of New York's Real Property Law, and directed Ms. Ramos to submit this motion pursuant to Federal Rule of Civil Procedure 54(d).

**ARGUMENT**

When determining the amount of attorneys' fees to award under fee-shifting statutes, the district court regularly uses "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—[to] create[] a 'presumptively reasonable fee.'" *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (internal citations omitted). In calculating the hourly rate, the court should determine "what a reasonable paying client would be willing to pay" for the representation. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183-84 (2d Cir. 2011). This figure "should be 'in line with those [rates] prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." *Cruz. v. Local Union No. 3 of Itern. Broth. Of Elec. Workers*, 34 F.3d 1148, 1159 (2d Cir. 1994) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984).) (alteration in original). The Court may use its own knowledge of billing rates in the district in making this determination. *Small v. New York City Transit Authority*, 03-cv-2139 (SLT)(MDG), 2014 WL 1236619, at * 7 (Mar. 25, 2014) (Go, M.J.).

"Prevailing rates for experienced attorneys in the Eastern District of New York range from approximately $300 to $400 per hour." *American Fire and Casualty Co. v. Scott Electrical Services, LLC*, 15-cv-3111(ADS)(AKT), 2017 WL 395207, at * 2 (E.D.N.Y. Jan. 9, 2017)

1

(Tomlinson, M.J.) (adopted 2017 WL 374728 (Jan. 25, 2017) (Spatt, J)). *See also*, *Favors v. Cuomo*, 39 F. Supp. 3d 276 (E.D.N.Y. 2014) (awarding hourly rates up to $450 for senior counsel in voting rights case); *Rodriguez v. Pressler & Pressler, L.L.P.*, 06-cv-5103 (BMC)(JO), 2009 WL 689056, at *1 (E.D.N.Y. Mar. 16, 2009) (Cogan, J.) (awarding rates of $450 and $300 for experienced attorneys in Fair Debt Collection Practices Act claim).

Reasonable fees under statutory fee-shifting statutes "are to be calculated according to the prevailing market rates in the relevant community, regardless of whether the plaintiff is represented by private or nonprofit counsel." *Blum*, 465 U.S. at 896. *See also*, *Miele v. New York State Teamsters Conference Pension & Retirement Fund*, 831 F.2d 407, 409 (2d Cir. 1987) ("we have recognized that prevailing market rates are fully applicable to fee awards to non-profit organizations."). Accordingly, it makes no difference in the determination that Queens Legal Services is a nonprofit organization that does not charge its clients for services rendered.

Ms. Ramos' counsel's experience and skill are sufficient to justify the requested hourly rate of $350 in this litigation. Counsel has specialized in the practice of foreclosure defense for six years, and during that time has been promoted to supervise other attorneys who practice in the field. (Newton Decl. ¶¶ 12-14.) Moreover, Counsel's knowledge and experience have been recognized by his colleagues in the foreclosure defense community, as reflected by the many continuing legal education courses in which he has been invited to teach other practitioners about emerging issues in the practice area. (Newton Decl. ¶ 15.)

Additionally, the amount of time spent by counsel is reasonable. Counsel spent fewer than 35 hours in drafting pleadings, drafting required initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, attending the initial conference, researching, drafting and filing of Ms. Ramos' motion for summary judgment and reply papers, and communicating with

2

Ms. Ramos and Plaintiff's counsel throughout this proceeding.[1] That is an eminently reasonable amount of time to devote to this matter.

It is respectfully submitted that a reasonable client would have paid the $12,145 requested to defend against the foreclosure of her home and a potential deficiency judgment following any potential sale of her home. Plaintiff sought to collect nearly $600,000[2] from Ms. Ramos, so this fee is reasonable given the amount in controversy.

## CONCLUSION

For the foregoing reasons, Defendant Frances Ramos respectfully requests that the Court award attorneys' fees to Queens Legal Services at a rate of $350 per hour, for 34.7 hours' worth of work, totaling $12,145.

Dated: December 5, 2019
      Jamaica, New York

                                                      /s/
                                      QUEENS LEGAL SERVICES
                                      By: Christopher Newton
                                      *Attorneys for Defendant Frances Ramos*
                                      89-00 Sutphin Blvd, 5th Floor
                                      Jamaica, NY 11435
                                      (347) 592-2200 (main phone)
                                      (347) 592-2251 (direct phone)
                                      cnewton@lsnyc.org

---

[1] Ms. Ramos is not seeking fees for the preparation of this motion or the proposed judgment, but reserves the right to seek fees for responding to any potential unreasonable opposition to this motion from Plaintiff.

[2] In its verified complaint, Plaintiff demanded $580,735.22 "plus any attorneys' fees, costs, disbursements, or additional fees that accrue during the pendency of the action." (Docket No. 1 ¶ 24(a)—(c).)

3