UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
AVAIL HOLDING LLC,

                 *Plaintiff*,

   -against-

FRANCES RAMOS; COMMISSIONER OF SOCIAL
SERVICES OF THE CITY OF NEW YORK SOCIAL
SERVICES DISTRICT; CREDIT ACCEPTANCE
CORPORATION; CITY OF NEW YORK
ENVIRONMENTAL CONTROL BOARD, NEW YORK
CITY TRANSIT ADJUDICATION BUREAU;

                 *Defendants*.
------------------------------------------------------------------x

Civil Action No:
19-cv-00117 (BMC)

Supplemental Declaration of
Christopher Newton In
Further Support of
Defendant's Motion for
Attorneys' Fees Related to
Defending Appeal

Christopher Newton, in accordance with the provisions of 28 U.S.C. § 1746, declares as follows:

1. I am an attorney duly admitted to practice law in the State of New York and am admitted to practice in the United States District Court for the Eastern District of New York. I am the acting director of the Homeowner and Consumer Rights Project of Queens Legal Services ("QLS"), attorneys for Defendant Frances Ramos.[1]

2. I make this declaration in further support of Defendant Frances Ramos' motion for an award of attorneys' fees to Queens Legal Services (Docket Number 32) for additional fees incurred in defending Plaintiff's unsuccessful appeal in this matter.

3. Ms. Ramos seeks an order directing Plaintiff Avail Holding, LLC ("Avail") to pay a total of $41,175.00 in attorneys' fees to Queens Legal Services. As described more fully below, this figure includes the $12,145.00 incurred for work done in the District Court,

---

[1] At the time I submitted the December 5, 2019 Declaration, I was the deputy director of the Homeowner and Consumer Rights Project. (Docket No 32-1, ¶11.) I have since been promoted to acting director of that team.

which was detailed in my initial declaration in support of this application dated December 5, 2019, and an additional $29,030.00 in fees incurred in defending Avail's meritless appeal.

4. In submitting our fee application at the District Court, we did not include any time spent by any other QLS attorneys or staff in our fee application. However, when speaking with Avail's counsel, Mr. Warmuth, I informed him that our office would devote much more time by senior attorneys if involved in appellate litigation, and that any subsequent fee application following affirmance would be substantially higher than the fees already requested. The rough estimate I provided to Mr. Warmuth, that a bond of $40,000 would be sufficient to cover the total fee request, proved to be a conservative estimate of the actual fees incurred.

5. I respectfully refer the Court to Paragraphs 11 through 15 of my Declaration in Support of Defendant's Motion for Attorneys' Fees (Docket No 32-1) for an overview of my litigation experience.

6. Attached as **Exhibit C**[2] to this Declaration is a spreadsheet derived from the LegalServer time-keeping records in this matter from December 16, 2019 through September 10, 2020. As described in Paragraph 16 of my prior declaration, Queens Legal Services requires our advocates to contemporaneously enter our time and notes related to cases electronically into our case management system, LegalServer.

7. All of these time-records reflect time involved in defending the appeal.  As required by QLS' fee-shifting policy (Exhibit B), my hourly rate was reduced to $100 per hour for the

---

[2] Exhibits A and B in support of this motion are filed as Docket Numbers 32-2 and 32-3.

       time I spent on work that was administrative in nature—such as formatting or printing the brief. I have not included the time I spent preparing this fee application.

8. The Second Circuit assigned this case to its Civil Appeals Mediation Program ("CAMP"). I spent 5.8 hours preparing for and participating in the CAMP conference, including drafting and submitting a pre-mediation statement, meeting with Ms. Ramos prior to the conference, and the actual mediation call itself.

9. I spent 14.3 hours drafting Ms. Ramos' respondent's brief, and another 7.8 editing it. I respectfully submit that this is a reasonable amount of time, given that the statute of limitations is a rapidly developing area of foreclosure law in New York, with new decisions coming down from the Appellate Division on a weekly basis, and because clear, effective, and persuasive writing takes time.

10. Two senior QLS attorneys provided substantive feedback and edits on Ms. Ramos' brief:

    a. Jacob Inwald is the director of foreclosure prevention for Legal Services NYC's[3] citywide program. He is referred to as "Jay" in the LegalServer notes. Mr. Inwald has more than 35 years of litigation experience, including having argued or supervised dozens of appeals in state and federal courts throughout the country. Because of the way Mr. Inwald is funded through our various grants, he did not bill his time directly to Ms. Ramos' case in LegalServer, and we are not seeking any reimbursement for his time.

    b. Veronica Cook is the director of litigation for Queens Legal Services. She has practiced law for 13 years. Prior to her employment at Queens Legal Services, Ms. Cook served as a clerk to the Honorable Rosemary M. Collyer in the District

---

[3] Queens Legal Services is a borough office of Legal Services NYC.

   Court for the District of Columbia, worked as a litigation associate at WilmerHale and Fried Frank, and was a fellow at the NAACP Legal Defense and Educational Fund. She has litigated an array of civil rights cases, and is responsible for supervising all advanced litigation and appeals at QLS. Ms. Cook billed 4.6 hours of time in editing the brief.

11. After the date of oral argument was set, I spent 5 hours researching how the Second Circuit was conducting remote oral arguments. During this time, I learned that different panels took vastly different approaches to conducting oral arguments remotely, so that time included listening to the different judges assigned to our panel to learn what they expected from me.

12. I spent 15.8 hours preparing for oral arguments. This included becoming intimately familiar with the details of the record and the arguments contained in the briefing, confirming that there were no changes or updates in the law after the briefs were submitted, and participating in moot arguments.

13. Four senior attorneys in our organization assisted in conducting a moot argument in preparation for oral argument. Each of the attorneys participating has practiced for more than twelve years, and so under the QLS fee shifting policy, bill at a rate of $500. Their respective dates of admission are provided on page 2 of Exhibit C. Collectively, they billed a total of 10 hours in preparation for and participating in the moot argument.

14. Accordingly, I respectfully submit this supplemental declaration asking that the Court enter an order directing Avail to pay a total of $41,175.00 in attorneys' fees to Queens Legal Services, $12,145.00 incurred for work done in the District Court, and an additional $29,030.00 in defending Avail's meritless appeal.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 9, 2020
Jamaica, New York

_____/s/_____
QUEENS LEGAL SERVICES
By: Christopher Newton
*Attorneys for Defendant Frances Ramos*
89-00 Sutphin Blvd, 5th Floor
Jamaica, NY 11435
(347) 592-2200 (main phone)
(347) 592-2251 (direct phone)
cnewton@lsnyc.org