```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------  X
                                                                  :
AVAIL HOLDING LLC,                                                :
                                                                  :
                                  Plaintiff,                      :   **MEMORANDUM DECISION**
                                                                  :   **AND ORDER**
                    - against -                                   :
                                                                  :   19-cv-117 (BMC)
FRANCES RAMOS; COMMISSIONER OF                                    :
SOCIAL SERVICES OF THE CITY OF NEW                                :
YORK SOCIAL SERVICES DISTRICT; CREDIT                             :
ACCEPTANCE CORPORATION; CITY OF NEW                               :
YORK ENVIRONMENTAL CONTROL BOARD;                                 :
NEW YORK CITY TRANSIT ADJUDICATION                                :
BUREAU,                                                           :
                                                                  :
                                  Defendants.                     :
----------------------------------------------------------------  X
```

**COGAN, District Judge.**

Defendant-mortgagor Frances Ramos, having prevailed in the foreclosure action brought by plaintiff-mortgagee Avail Holdings LLC, seeks recovery of reasonable attorneys' fees and expenses pursuant to N.Y. Real Property Law ("RPL") § 282. In a decision dated December 3, 2019, I granted summary judgment to Ramos, and further held that Ramos was entitled to attorneys' fees and costs as the prevailing party under the state statute. The Second Circuit affirmed. See Avail Holding LLC v. Ramos, 820 F. App'x 83 (2d Cir. 2020). Thus, the only issue before me is the amount of attorneys' fees to be awarded. None of Avail's objections to the amount of the claimed fee award have merit, and the motion for fees is therefore granted in its entirety.

**I.    Fees for a not-for-profit**

First, Avail objects because Ramos's lawyer, Queens Legal Services, is a not-for-profit legal service provider that represented Ramos without cost and thus did not actually charge him

any attorneys' fees. Avail argues that since Ramos was not charged fees, he may not recover them. Plaintiff has cited no authority for this argument. Its best expression, which plaintiff does not advance, is that RPL § 282 mandates an award of attorneys' fees for a prevailing mortgagor only when those fees are "incurred by" the mortgagor, and since Ramos was represented on a pro bono basis, he did not "incur" any fees. This is in contrast to the statutes in the cases that Ramos has cited, which provide for a discretionary award of fees to a non-profit provider regardless of whether the represented party "incurred" any fees. See generally Blum v. Stenson, 465 U.S. 886 (1984) (construing 42 U.S.C. § 1988, which provides that the court "may allow the prevailing party … a reasonable attorneys' fee"); Miele v. N.Y. State Teamsters Conf. Pension & Ret. Fund, 831 F.2d 407 (2d Cir. 1987) (construing 29 U.S.C. § 1132(g), which contains similar language).

Nevertheless, Avail has waived this argument. It goes to the right to recover fees, not the amount of fees. As noted above, Ramos previously moved for fees as part of his summary judgment motion and I granted the motion as to fees. In opposing the summary judgment motion, Avail did not raise the argument that Ramos was not entitled to fees because Queens Legal Services is a not-for-profit corporation, nor did it seek reconsideration of my decision, nor did it seek to raise the issue on appeal. It waived the argument by not raising it nearly 18 months ago when Ramos first moved for a determination that he had the right to recover fees. See generally Palmieri v. Lynch, 392 F.3d 73, 87 (2d Cir. 2004).

**II.     Hourly rates**

Avail next contends that the hourly rates that Ramos is seeking to recover are in excess of prevailing rates in this district, relying on CIT Bank N.A. v. Gordon, No. 17-cv-3972, 2020 WL 4587446 (E.D.N.Y. May 10, 2020), report and recommendation adopted, 2020 WL 2711420

2

(E.D.N.Y. May 26, 2020). Ramos seeks $350 per hour for the attorney principally in charge of this matter in the district court and on appeal, Christopher R. Newton (six years' experience), although Mr. Newton lowered his rate to $100 per hour for administrative tasks that he undertook himself.[1] Ramos also seeks $500 per hour each for four more greatly experienced attorneys who worked on the appeal, principally in conducting a moot court for Mr. Newton, although one of them also edited the brief on appeal. Avail contends that all of these rates should be reduced to $250 an hour, except for two of the senior attorneys, whose rates Avail would reduce to $375 per hour.

I see nothing excessive about the hourly rates charged by these attorneys; indeed, I would have awarded Mr. Newton $400 per hour had he asked and would have found that fully consistent with rates in this district. Unlike CIT Bank, this was not a simple mortgage foreclosure action that went to a default judgment. It was a hard-fought, heavily litigated action in which Avail raised a host of arguments which Mr. Newton successfully overcame, first before me and again on appeal. Mr. Newton may have had only six years' experience at the time the case was litigated, but the quality of his work product was that of a much more senior attorney. And the result he obtained for his work cannot be gainsaid – this is the only mortgage foreclosure action of the dozens over which I have presided that resulted in an expungement of the mortgage sought to be foreclosed. Based on my experience with these cases, a rate of $350 an hour is eminently reasonable when compared to the usual rates charged in this district.

Nor do I have any fault with the rates charged by the more senior lawyers on the appeal. I note at the outset that the total amount of time charged was a small fraction of the time

---

[1] That reduction is not the only concession that Ramos's attorneys are making. They are not seeking reimbursement for the amount of time spent on their supplemental (post-Second Circuit decision) motion for attorneys' fees, to which they are clearly entitled. See John v. Demaio, No. 15-CV-6094, 2016 WL 7410656, at *2-4 (E.D.N.Y. Dec. 22, 2016) (counsel should be compensated for reasonable time spent on fee motion).

expended in the case. I next note that these other lawyers are lawyers of extensive experience. Moreover, appellate work is often more expensive than district court work and $500 an hour for participating in a moot court and (as to one of the senior lawyers) editing Mr. Newton's brief is perfectly reasonable. If this matter had been handled in the Circuit pro bono by a large law firm, the customary rates would be more than double the $500 per hour that they seek (although I recognize that such a rate would likely be reduced). Finally, I note that, as a courtesy, Mr. Newton cautioned Avail's counsel that more senior lawyers would be involved in the appeal and that a much higher fee would likely be the result. Avail chose to unsuccessfully pursue its appeal anyway; it cannot complain about what it knew or should have known would happen if it did not prevail.

### III. Excessive time

Avail's next argument is to criticize particular time entries as unnecessary or excessive, leading to an unreasonable amount of time expended. I evaluate this argument from the perspective that Avail is not entitled to hold Ramos's counsel to an ideal of perfect efficiency. See United States v. Sixty-One Thousand Nine Hundred Dollars & No Cents ($61,900.00), 856 F. Supp. 2d 484, 490 (E.D.N.Y. 2012). No lawyer can achieve that and to say that the time expended was reasonable does not require it. Against that backdrop, Avail's arguments are without merit.

#### A. District Court objections

Avail first argues that Ramos missed a court-ordered deadline to seek summary judgment on its statute of limitations defense and then Mr. Newton spent 1.4 hours straightening that out. Mr. Newton had assumed that an extension of Avail's time to produce discovery on the statute of limitations defense extended his time to make the motion on that defense. It was a reasonable

4

assumption, which is why the Court allowed the late filed motion, and the time expended to illustrate this to the Court was reasonable.

Second, Avail argues that a few of Ramos's time entries are insufficiently detailed. I disagree. There is no requirement that Ramos set forth the substance of what was discussed or researched. Viewed in their totality, the amount of time spent in meetings and telephone conferences both with the client and between co-counsel are reasonable, as is the amount of research time.

Third, Avail objects to the lack of documentation for travel expenses. It misperceives Ramos's claim. He is not claiming expenses in these time entries; he is claiming travel time. It takes time to travel to and from court and Avail has given me no reason or authority why I should not allow that.

Fourth, Avail objects to 1.2 hours to prepare the initial disclosures. Its objection is not comprehensible and 1.2 hours for initial disclosures is not unreasonable.

Fifth, Avail objects to .7 hours spent writing a motion to lift a stay that I had previously imposed on Ramos's motion for attorneys' fees pending the outcome of the appeal. After the Second Circuit affirmed, Ramos moved for an order permitting him to allow prosecution of his motion for attorneys' fees. I ruled that we should await the Second Circuit's Mandate on its decision. I see no infirmity for Ramos having asked if he could proceed based on the Second Circuit's decision, as I could well have allowed at least the filing of the motion in anticipation of the Mandate.

None of the other picayune objections to work done at the district court level have merit.

B. *Appellate objections*

Avail first contends that Ramos should only be allowed 1.7 hours instead of 2.3 hours expended to participate in oral argument. Avail has counted up the log-in time, the approximate start time of the argument, and the length of the argument to come to 1.7 hours instead of 2.3. Even assuming Avail's rather obscure math ("approximate" log in time) is correct, the difference is too small to make it unreasonable.

Avail next criticizes Mr. Newton for listening to Second Circuit arguments, some before the same panel as this case and some before a different panel, as part of the preparation for his argument. This comes to 3.5 hours. What a smart thing Mr. Newton did. I cannot imagine better preparation for appearing before the Second Circuit than listening to how different judges handle arguments and learning what they expect of the lawyers. Even experienced appellate lawyers would benefit from this (and I suspect often do it). Mr. Newton should be congratulated for preparing so thoroughly, not criticized for the relatively modest amount of time it took.

Third, Mr. Newton spent 2 hours researching the techniques for participating in video arguments. Avail contends he should have only spent .2 hours because the Second Circuit provided one page of remote instructions. Avail completely misses the point. To illustrate it, I have participated in CLE panels (and there are many others in which I have not participated), the subject of which was the nuances of video argument as opposed to live argument, when to speak, how to handle judges speaking over the lawyer and each other, potential technical failures and how to recover from them, and a host of other issues that arise in the video argument context. Again, I think 2 hours to become familiar with this relatively new form of advocacy is to be commended, not criticized.

Finally, Avail objects to the combination of 12 hours for oral argument preparation and 13.8 hours for moot court practice sessions. A total of 25.8 hours of preparation for an argument before the United States Court of Appeals for the Second Circuit does not strike me as excessive. I would hazard a guess that there are times a panel of the Second Circuit wishes that the lawyers would have undertaken that level of preparation.

### IV. Conclusion

Having overruled all of Avail's objections, Ramos is awarded attorneys' fees in the amount of $12,145 for work in the district court and $29,030 for the appeal, for a total of $41,175. Avail shall pay that amount within seven (7) days or judgment will be entered against it.

**SO ORDERED.**

Digitally signed by
Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
December 7, 2020